(86 Misc. Rep. 173)

### In re GREIFENSTEIN et al.

### In re ROOS et al. (two cases).

(Surrogate's Court, Kings County. June, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 475*)—ACCOUNTING—FAILURE TO EN-
FORCE MORTGAGE—LIABILITY FOR LOSS.

   Where, on the judicial settlement of the account of executors, it ap-
pears that the executors found, among the assets of their decedent, a sec-
ond mortgage, and charged themselves with $4,250 due thereon, but failed
to do anything to enforce the collection of such mortgage, except to col-
lect a small amount of principal and interest, and it appears that, after
issuance of letters testamentary, the lien ·of such mortgage was extin-
guished by foreclosure of the first mortgage, the accountants can have
no relief from the charge against them for the value of the second mort-
gage, in the absence of proof that the mortgaged premises were inadequate
to secure repayment, and that the bondsman was irresponsible.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. § 2061; Dec. Dig. § 475.*]

2. EXECUTORS AND ADMINISTRATORS (§ 32*) — LETTERS OF ADMINISTRATION —
REVOCATION.

   Where executors have been guilty of mismanagement and waste in
failing to enforce a second mortgage, when the lien thereof was extin-
guished by the foreclosure of the prior mortgage, the letters testamentary
will be revoked.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 191–212; Dec. Dig. § 32.*]

3. GUARDIAN AND WARD (§ 18*)—LETTERS OF GUARDIANSHIP—REVOCATION—
GROUNDS.

   Where executors were also guardians of the beneficiaries, their mis-
management of the estate in their executorial capacity necessarily en-
tered into their conduct as guardians and authorized revocation of the let-
ters of guardianship.

   [Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 71;
Dec. Dig. § 18.*]

Judicial settlement of the account of Frederick J. Greifenstein and
another, as executors of Frank Roos, deceased. Application of Rosa
Roos and others for revocation of letters testamentary issued to Fred-
erick J. Greifenstein and another, as executors of Frank Roos, de-
ceased. Also application of the same parties for the revocation of let-
ters of testamentary guardianship issued to the parties constituting
such executors, as guardians of the person and property of applicants.
Revocation of letters testamentary and letters of guardianship decreed.

Mann, Buxbaum & Schoenherr (Henry Schoenherr, of Brooklyn, of
counsel), for Rosa Roos, Frederick Roos, infants and sole beneficiaries
under the will of decedent, and Rosa Bunn, a creditor.

August Geo. Beyer, of Brooklyn, for accountants and respondents in
revocation proceedings.

Joseph A. Keenan, special guardian.

KETCHAM, S. [1] The executors in their account have charged
themselves with $4,250, the balance remaining due upon a bond secur-
ed by a second mortgage which they found among their decedent's

assets. The lien of the mortgage was extinguished by the foreclosure of the prior mortgage, about a year and a half after the executors received their letters testamentary. ·

In objections filed to the account and in proceedings to revoke the letters of the accountants, both as executors of the will and as guardians of the infant beneficiaries thereunder, it is claimed that the executors, in their treatment of the bond and mortgage which came into their hands, have inflicted injury upon the estate to an amount with which they should be surcharged in the settlement of the pending account, and were guilty of mismanagement for which they should be deposed both as executors and guardians. Strictly, they stand charged with the face value of the security and are in form chargeable further with interest thereon accrued and uncollected.

The resulting question is whether they are to remain chargeable with this item or are to receive credit thereon upon a finding that, as to the whole or some part thereof, the apparent loss has occurred without their fault.

Except to receive $250 on account of the original principal of the investment and $262.50, interest thereon, the accountants have done nothing to enforce collection, and their inaction is negligence, unless it shall be found that the security was wholly without value, and that it was the part of prudence to expend nothing of labor or expense upon it.

The presumption is that the mortgage was worth its face value during the times when the executors were confronted by the duty of determining their treatment of it, and they lie under the burden of proof as to whether, at these times, the loss of the investment or any part of it was the result of its own worthlessness.

Practically, then, the accountants can have no relief from the charge against them for the value of the security, unless the proof justifies a finding that, as to the whole or some part of the mortgage debt, the mortgaged premises were inadequate to secure repayment, and that the bondsman, for whose obligation the mortgage was given, was irresponsible. Harrington v. Keteltas, 92 N. Y. 40; O'Connor v. Gifford, 117 N. Y. 275, 22 N. E. 1036; Matter of Hosford, 27 App. Div. 427, 50 N. Y. Supp. 550.

There is no evidence as to the resources of the bondsman, none which would warrant any finding that the mortgaged property was worth less than its incumbrances. The amount at which the premises were purchased by the plaintiff in the foreclosure affords no basis for a conclusion as to their value during any part of the year and a half preceding the purchase, nor should a finding be based upon a statement of the assessed value of the property.

Beyond these intimations, there is no proof upon the value of the investment. While in common opinion the surety on a bond given with a mortgage is negligible, the law will not, in the complete absence of proof, depart from its charitable presumption that debtors will pay.

The surrogate is not asked to apply the rule of the cases cited, that the executor must answer for the face value of the causes of action or security which comes to him from his decedent unless he makes proof

of its lack of value. He is advised by counsel for the objectants and by the special guardian that the injury to the estate, by reason of the executors' inaction respecting the mortgage, is $2,500. Their estimate is accepted, and the executors will therefore be allowed credit for $1,-750.

[2] The conduct of the accountants as to this mortgage was mismanagement and waste. It has impaired the estate and shows their unfitness for the office of executors.

[3] The same finding must be made as to their guardianship. They were executors under a will which left the whole estate to three children, and under the same will they were the guardians of the estate of these children. Whatever was their duty or default in their executorial capacity entered into their conduct and responsibility as guardians.

Letters testamentary and the letters of guardianship must be revoked, and the account will be settled in accordance with the preceding suggestion.

Decreed accordingly.