In the Matter of the Judicial Settlement of the Account of Proceedings of ANTONIO FERME, as Executor, etc., of PIETRO ONORATO, Deceased. ANNA LEONE and Others, Appellants; ANTONIO FERME, as Executor, etc., of PIETRO ONORATO, Deceased, Respondent.— In a proceeding instituted in the Surrogate's Court of Queens County for the judicial settlement of the account of proceedings of an executor, decree adjudging that the objections to the account be overruled and the account judicially settled as filed, reversed on the law and the facts, with costs to the appellants, payable personally by the respondent, and proceeding remitted to the Surrogate's Court with direction to enter a decree (1) surcharging the account of the executor with the sum of $5,000 and interest thereon at five per cent per annum from September 1, 1936, and (2) judicially settling the account as filed as amended by the amount of such surcharge, with no allowance of commissions or costs to the accountant. Upon the undisputed facts disclosed in this record, the accountant failed in his duty as executor in omitting to collect the amount of the debt of the executor's wife to the decedent on her two bonds, wholly insufficiently secured by second mortgages on her real property, and is chargeable with the amount thereof and interest for his failure to use due diligence in making the collection. (Matter of Clark, 257 N. Y. 132, 136; Harrington v. Keteltas, 92 id. 40; Matter of Allmann, 228 id. 512, affg. 188 App. Div. 998; Matter of Greifenstein, 86 Misc. 173; affd., 174 App. Div. 891; affd., 221 N. Y. 642; Matter of Kessler, 173 Misc. 716; O'Conner v. Gifford, 117 N. Y. 275, 279; Matter of Hosford, 27 App. Div. 427, 434.) In the exercise of proper discretion, no commissions or costs should be allowed to the accountant. (Matter of Kessler, supra; Matter of Junkersfeld, 244 App. Div. 260, 267; Surr. Ct. Act, §§ 278, 285.) The execution by the objectors of the written consent, pursuant to section 268 of the Surrogate's Court Act, was not legally efficient to release the executor from the consequences of his

maladministration of the estate or as a waiver by the objectors of their rights as against him. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.